ISAAC S. CARPENTER

v.

THE EASTON AND AMBOY RAILROAD COMPANY.

1. Where defendants (a railroad company) were required to provide a bridge, in order to render accessible that part of complainant's farm which was cut off by their railroad, *Held*, that the decree should state that the defendants construct and maintain a bridge proper and safe for the purpose intended to be answered. Greater particularity is not required. ✓

2. Although the costs of a feigned issue are said to be discretionary, the general rule of the court in awarding them is that they follow the event, and are given to the successful party.

3. Where an injunction restraining defendants from obstructing a lane was dissolved upon their paying into court, as security, the amount of damages, and thereupon defendants obstructed the lane, *Held*, that they are liable for interest on the amount from the time when the injunction was dissolved.

4. The defendants must bear the entire loss of such interest, since the amount deposited draws but four per cent.

5. Where the sum deposited was $8,000, and the amount of complainant's damages, $5,000, *Held*, that upon the payment of $5,000, with interest and costs, the balance could not be retained for the faithful performance of the other requirements of the decree, viz., building and maintaining a way and bridge.

On motion to settle final decree.

*Mr. J. M. Robeson* and *Mr. J. Vanatta*, for complainant.

*Mr. J. G. Shipman* and *Mr. T. N. McCarter*, for defendants.

THE CHANCELLOR.

Several questions are raised as to the provisions which the final decree in this cause should contain. It is to decree that the complainant shall receive $5,000 for the

damages, with lawful interest thereon, and that the defendants shall provide and maintain for him, his heirs and assigns, owners of the farm, forever, a way, so far as the same is not already provided by the public highway and the bridge over the creek, in place of the lane, of the use of which, as a means of communication between the parts of his farm on either side of their embankment, that obstruction has deprived him.    *Carpenter* v. *Easton and Amboy R. R. Co.*, 11 *C. E. Gr.* 168.    This way is to be on what was designated, in the trial of the feigned issue, as the lower route. Part of that route (that is, from and including the public bridge to the southerly end of the culvert over the public highway as altered by the defendants,) is furnished by the public.    The defendants are to provide the means of crossing the creek at the latter point by a bridge to be there constructed by them for the purpose, and to be maintained forever by them.    The draft of decree submitted, provided for the construction and maintenance of two bridges, each fourteen feet wide, by the defendants, one at each end of the culvert. The decree will provide for the building and maintaining of only one as above mentioned, and that is to be of the width of ten feet.    The draft provides for stone abutments. That requirement is unnecessary.    The decree will provide that the defendants construct and maintain a bridge proper and safe for the purpose intended to be answered.    Greater particularity is not required.    The defendants are to provide for the complainant, his heirs and assigns, owners of his farm, forever, a way, ten feet wide, over their land at the easterly end of the bridge.    This way is to be part of the way from that end of the bridge to the lane on the complainant's farm, at the angle therein south of the bridge.    If the new lane needs to be graded, in order to make it reasonably proper for use as a farm way, the defendants must grade it in the first instance.

The defendants insist that they ought not to be compelled to pay the costs of the commission ordered by this court to assess the complainant's damages, (*Carpenter* v. *Easton and*

*Amboy R. R. Co.,* 9 *C. E. Gr.* 249,) or of the feigned issue
(*S. C., Id.* 408). But these costs are properly chargeable
against them as part of the costs of this suit. The proceed-
ings in which they were incurred, were means taken by this
court to ascertain the amount of damages to which the com-
plainant was entitled.

The defendants were dissatisfied with the result in each
case, and accordingly moved to set aside the commissioners'
report and the verdict of the jury.

Their motions were successful. The complainant, how-
ever, has prevailed in his suit. Though the costs of an
issue are said to be discretionary, the general rule of the
court in awarding them is, that they follow the event and
are given to the successful party. *Beames on Costs,* 187; 2
*Dan. Ch. Pr.,* (4th *Am. Ed.,*) 1148.

On setting aside the award, the defendants were permitted
to go on with their work which obstructed the lane, on their
paying into court to answer the complainant's damages, the
amount awarded by the commissioners, $8,467.50, and
undertaking to try the issue at the then next Warren circuit.

The complainant insists that out of the money he is
entitled to receive the amount of damages awarded to him
by the court, $5,000, and interest thereon, at the rate of
seven per cent. per annum, from the time when the money
was paid into court, and that the balance of the money
should be retained to insure performance by the defendants
of the requirements of the final decree as to the construction
of the route to be used instead of the lane.

The money paid into court was paid in expressly to
answer the complainant's damages. It was paid in as secu-
rity. The complainant ought not to be prejudiced by the
payment of the money into court.

Under the order dissolving the injunction, the defendants,
on the payment of the money into court as security, pro-
ceeded to inflict the threatened injury upon him, and they
forthwith obstructed his lane, and so cut off his communica-
tion between the parts of his farm which lay on either side

of their embankment, and they have ever since then deprived him of it.    His damages were assessed as of the date of the order dissolving the injunction, and he is entitled to interest thereon at the legal rate from that time.

The defendants must, under the circumstances, bear the entire loss, which arises from the fact that the amount of interest obtained by the court upon the deposit is only four per cent. per annum.    *Clarkson* v. *Depeyster, Hopk.* 572; *S. C., on appeal,* 2 *Wend.* 77.    The balance of the money, after payment of the amount due the complainant for his damages and interest, and costs, and the clerk's commissions, will be paid over to the defendants.    There is no need to retain it to secure performance by the defendants of any of the requirements of the final decree.

The decree will be drawn in accordance with these views.